IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TRONOX LLC                                                          PLAINTIFF

v.                                              CIVIL ACTION NO. 1:12-CV-00237-GHD-DAS

INDUSTRIAL SILOSOURCE, INC.;
TRAVELERS INDEMNITY COMPANY;
TRAVELERS INDEMNITY COMPANY OF AMERICA;
JOHN DOES 1–5; and ABC CORPORATIONS A–E                DEFENDANTS

**MEMORANDUM OPINION DENYING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF'S MOTION TO JOIN ADDITIONAL PARTIES AND AMEND FIRST AMENDED COMPLAINT**

Presently before the Court is a motion to dismiss [11] filed by Defendant Industrial Silosource, Inc., as well as a motion for leave to join additional parties and amend the first amended complaint [45] filed by Plaintiff Tronox LLC. Upon due consideration, the Court finds that the motion to dismiss [11] is not well taken and should be denied, and the motion for leave [45] to join additional parties and amend the first amended complaint is well taken and should be granted, for the reasons set forth herein.

*A. Factual and Procedural Background*

Industrial Silosource, Inc. ("ISS") is a West Virginia service-contracting company specializing in engineering, maintenance, and repair services for the silo and bulk storage industries. In April of 2005, ISS entered into a Master-Work Agreement for Construction or Field Services ("MWA") with Kerr-McGee Chemical LLC, an international chemical manufacturing company which subsequently changed its name to Tronox LLC ("Tronox"). Under the MWA, ISS agreed to perform certain work for Tronox at Tronox's titanium dioxide manufacturing facility and sodium chlorate manufacturing facility located on the same site in Hamilton, Mississippi. The MWA contained a provision that required ISS to "indemnify,

1

defend, and hold [Tronox] free and harmless from and against any and all liability, losses, damages, [and] bodily injuries . . . directly or indirectly arising out of or resulting from" ISS's work under a Work Order "or from any operation or activity of [ISS] . . . in connection therewith" or "any failure by [ISS] . . . to comply with the requirements of [the MWA] or of the Work Order, unless caused by [Tronox's] sole negligence." MWA [3-1] ¶ 15(a).

In November of 2011, ISS and Tronox entered into a Work Order for the cleaning of a salt silo located at Tronox's Hamilton facility. One of ISS's former employees, Dustin W. Poe, sustained injuries while cleaning the silo. Poe sued Tronox and ISS *et alii* in the Circuit Court of Wood County, West Virginia. In that suit, Poe alleges that Tronox and ISS are liable for Poe's injuries due to Tronox's alleged negligence in failing to provide a safe work environment and ISS's alleged negligence in exposing Poe to the hazard. Poe subsequently sued Tronox in the Circuit Court of Monroe County, Mississippi for the purpose of preserving Poe's right to proceed against Tronox if the West Virginia court dismissed Tronox from that lawsuit based on lack of personal jurisdiction. Although the Monroe County lawsuit was brought against Tronox and not against ISS, Poe alleges liability on the part of Tronox due in part to ISS's alleged negligence. The Monroe County case was subsequently removed to federal court,[1] and ISS filed cross-claims against Tronox seeking a declaratory judgment that ISS does not have a duty to defend or indemnify Tronox in the two lawsuits (the "Poe lawsuits").

On November 14, 2012, Tronox commenced this suit in this Court, seeking a declaratory judgment that ISS and Travelers have a duty to defend Tronox in the Poe lawsuits, because "no determination of liability has been made" and Poe's "[c]omplaints clearly allege that the acts and/or omissions of ISS proximately caused Poe's alleged damages," Pl.'s Am. Compl. [3] ¶¶

---

[1] The Monroe County case was removed to the United States District Court for the Northern District of Mississippi and is styled *Dustin Poe v. Tronox LLC, et al.*, Civil Action No. 1:12-CV-00241-MPM-DAS.

2

22–23, 25, despite ISS's "fail[ure] to procure proper and/or adequate insurance coverage in violation of the requirements of the [MWA]," *id.* ¶ 26. Tronox additionally seeks a declaratory judgment that "insurance coverage exists under one or both of [the insurance policies issued to ISS] for any judgment, . . . or other damages it incurs as a result [of the Poe lawsuits]." *Id.* ¶ 30. Finally, Tronox asserts additional counts for breach of contract, promissory estoppel, fraudulent misrepresentation and/or fraudulent concealment, negligent misrepresentation, negligence, and breach of the duty of good faith and fair dealing.

Travelers filed an answer. ISS filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; Tronox filed a response; ISS filed a reply; and Tronox filed a surreply after seeking leave and being granted leave to do so.[2] Tronox then filed a motion for leave [45] to join additional parties and to amend the first amended complaint; ISS and Travelers filed responses; and Tronox filed a reply.

### B. *Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Standard*

Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, 459 F. App'x 371, 373 (5th Cir. 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). "The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)).

---

[2] In that motion, Tronox also requested that the Court consider ISS's motion to dismiss a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The Court denied this request, holding that the motion to dismiss would be properly considered under the Rule 12 standard, as no matters outside the pleadings were presented to the Court. *See* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). "[A] complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, ___ U.S. ___, 131 S. Ct. 1289, 1296, 179 L. Ed. 2d 233 (2011). However, "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. In a Rule 12(b)(6) determination, the court must not evaluate the likelihood of the claim's success, but instead ascertain whether the plaintiff has stated a legally cognizable claim that is plausible. *Lone Star Fund*, 594 F.3d at 387 (citing *Iqbal*, 556 U.S. 662, 129 S. Ct. 1937).

### C. *Analysis and Discussion*

**(1) ISS's Motion to Dismiss the Amended Complaint**

ISS contends in its motion to dismiss that Tronox's amended complaint [3] fails to state a claim upon which relief can be granted, because Tronox's claims are based on the indemnity provision in the MWA, and that provision is invalid under Mississippi's anti-indemnity statute, Mississippi Code § 31-5-41. ISS further contends that the contractual provision requiring ISS to obtain and maintain appropriate insurance coverage is also invalid to the extent it attempts to circumvent the anti-indemnity statute by requiring ISS to indemnify Tronox from Tronox's own

negligence. Thus, ISS contends that Tronox has failed to state a legally cognizable claim that is plausible in its amended complaint, and therefore contends that dismissal is appropriate.

Tronox maintains in its response to the motion to dismiss that the anti-indemnity statute does not apply to any of its claims, as (1) Tronox does not seek declaratory relief based upon indemnity for Tronox's own negligent acts or omissions, but based upon any negligence of ISS and indemnity and/or damages relating to ISS's failure to comply with other requirements under the MWA, including the obligation to purchase general and excess liability insurance coverage and an "additional insured" endorsement for the operations at the Hamilton facility; and (2) Tronox's claims for compensatory relief are based on ISS's alleged breach of its obligations under the contract and associated Work Orders and do not stem from any alleged duties under the indemnity provision or insurance provision of the MWA.

The parties agree that the MWA is a construction contract governed by Mississippi law, and that certain indemnity provisions in construction contracts are void under Mississippi law as against public policy. The issues before the Court at this juncture are (1) whether the indemnity provision in the MWA is void under Mississippi's anti-indemnity statute; (2) whether the insurance provision in the MWA is also at least to some extent void under Mississippi's anti-indemnity statute; and (3) how the decision on those two issues impacts Tronox's amended complaint.

Mississippi's anti-indemnity statute provides:

> With respect to all public or private contracts or agreements, for the construction, alteration, repair[,] or maintenance of buildings, structures, highway bridges, viaducts, water, sewer[,] or gas distribution systems, or other work dealing with construction, or for any moving, demolition or excavation connected therewith, every covenant, promise[,] and/or agreement contained therein to indemnify or hold harmless another person from that person's own

negligence is void as against public policy and wholly unenforceable.

MISS. CODE ANN. § 31-5-41 (emphasis added). "Whether [an] indemnification agreement [is] valid and applicable is a complicated question of law." *Weyerhaeuser Co. v. Wells*, 593 So. 2d 1010, 1013 (Miss. 1992). Under Mississippi law, "[c]lauses that limit liability are given strict scrutiny . . ." *Pitts v. Watkins*, 905 So. 2d 553 (Miss. 2005) (quoting *Royer Homes of Miss., Inc. v. Chandeleur Homes, Inc.*, 857 So. 2d 748, 754 (Miss. 2003)). "Th[e anti-indemnity] statute blocks indemnity for one's own negligence." *Ramsey v. Georgia-Pacific Corp.*, 597 F.2d 890, 894 (5th Cir. 1979) (quoting *Crosby v. The Gen. Tire & Rubber Co.*, 543 F.2d 1128, 1130–1131 (5th Cir. 1976)); *accord Family Dollar Stores of Miss., Inc. v. Montgomery*, 946 So. 2d 426, 432 ¶ 24 (Miss. Ct. App. 2006) ("[A]n express provision in a construction contract to indemnify a party from its own negligence is not enforceable [under the statute].").

In the case *sub judice*, the subject indemnity provision in the MWA provides:

> INDEMNITY. (a) [ISS] agrees to indemnify, defend, and hold [Tronox] free and harmless from and against any and all liability, losses, damages, bodily injuries (including sickness, disease[,] and death), property damages, contamination or adverse effects on the environment, fines, penalties, and expenses directly or indirectly arising out of or resulting from (i) the performance of the Work under a Work Order by [ISS] or its subcontractors or from any operation or activity of [ISS] or its subcontractors in connection therewith and (ii) any failure by [ISS] or its subcontractors to comply with the requirements of this Agreement or of the Work Order, **unless caused by [Tronox]'s sole negligence**.

MWA ¶ 15(a) (emphasis added).

The Fifth Circuit has found a similar provision void under Mississippi's anti-indemnity statute. The indemnity provision at issue in that case, *Certain London Market Insurance Co. v.*

6

*Pennsylvania National Mutual Casualty Insurance Co.*, 269 F. Supp. 2d 722, 727 (N.D. Miss. 2003), stated as follows:

> INDEMNITY: (a) Contractor agrees to indemnify, defend and hold the Company free and harmless from and against any and all losses, damages, bodily injuries . . . fines, penalties, and expenses directly or indirectly arising out of or resulting from: (i) the performance of the Work under a Work Order by Contractor or its subcontractors or from any operation or activity of Contractor or its subcontractors in connection therewith or (ii) any failure by Contractor or its subcontractors to comply with the requirements of this Agreement or of the Work Order.

*See Certain London Market Ins. Cos. v. Penn. Nat'l Mut. Cas. Ins. Co.*, 106 F. App'x 884, 885–86 (5th Cir. 2004) (per curiam) (affirming district court's decision that defendant was not required to defend or indemnify plaintiff under insurance policy involved in case on the basis that indemnity provision was void under Mississippi's anti-indemnity statute). Although the indemnity provision in that case and the one in the case *sub judice* are similar, it is notable that the indemnity provision in *Certain London Market* did not include the words "unless caused by Company's sole negligence," as does the indemnity provision in this case.

In *Certain London Market*, the Fifth Circuit cited its *Crosby* opinion, which was decided not long after the anti-indemnity statute was enacted. In *Crosby*, the Fifth Circuit upheld the district court's decision that the indemnity provision in that case was void under the anti-indemnity statute. 543 F.2d at 1131. The indemnity provision at issue in *Crosby* stated:

> Seller (Vulcan) will indemnify, save harmless and defend buyer (General Tire) from all liability for loss, damage or injury to person (including employees or agents of the seller) or property in any manner arising out of or incident to the performance of the contract.

*Id.* at 1130. Again, that indemnity provision does not mirror the one at issue in this case, because it does not include the "unless caused by Company's sole negligence" language.

7

A review of district court decisions on this issue reveals a tendency to hold indemnity provisions void under Mississippi law. But a closer examination reveals that there are nuances distinguishing the indemnity provision in this case from those at issue in many of the district court cases.

For instance, in *Ellis v. Landings Associates, Limited*, No. 1:04CV120LG-RHW, 2006 WL 568706 (S.D. Miss. Mar. 7, 2006), Judge Guirola examined the following contractual indemnity provision: "[The third-party defendant] agrees to hold harmless [the third-party plaintiff] . . . for any claims arising out of performance of this contract." *Id.* at *1. Judge Guirola held that provision was void to the extent that the third-party plaintiff sought indemnification for its own negligence, but that the provision was not void to the extent that the third-party plaintiff sought indemnification for the third-party defendant's negligence. *Id.* at *4, *5.

In *American Cyanamid Co. v. Campbell Construction Co.*, 864 F. Supp. 480 (S.D. Miss. 1994), Judge Wingate was confronted with a similar indemnity provision as the one at issue in this case (including the "sole negligence" language of our subject indemnity provision) and held that that provision was not void under the anti-indemnity statute. In that case, the contract provided that the defendant would indemnify the plaintiff against

> any and all claims, losses, demands, causes of action[,] . . . on account of personal injuries . . . growing out of, incident to, or resulting directly or indirectly from the performance by [the defendant] hereunder, whether such loss, damage, injury[,] or liability is contributed to by the negligence of [the plaintiff] . . . or from other causes whatsoever; except that [the defendant] shall have no liability for damages or the costs incident thereto caused by the sole negligence of [the plaintiff].

*Id.* at 581. Judge Wingate reasoned that if the anti-indemnity statute applied, "it would do so only to bar recovery by [the plaintiff] for its own negligence." *Id.* at 584. In the case brought by

8

the injured party to recover damages for alleged negligence, the court had ruled that the accident and the injuries and damages were not caused by any negligence on the part of American Cyanamid. *Id.* at 582. Thus, in the declaratory judgment action, the plaintiff, American Cyanamid was not seeking recovery for its own negligence, but based upon the indemnification provision in the contract between the plaintiff and the defendant. *Id.* Judge Wingate held that "[s]o long as [the plaintiff] is not seeking to recover for its own negligence, the contract obligates [the defendant] to indemnify [the plaintiff]. As such, this court holds that the thrust of this agreement here falls outside the scope of § 31-5-41." *Id.* (citations omitted).

In the case *sub judice*, ISS contends that the anti-indemnity statute voids the indemnity provision at issue, because the provision would require ISS to indemnify Tronox for Tronox's negligence in addition to its own. The parties executed the MWA which includes the indemnity provision at issue. The indemnity provision requires ISS to "indemnify, defend, and hold . . . free and harmless" Tronox "from and against any and all liability, . . .damages . . ., and expenses directly or indirectly arising out of or resulting from" ISS's performance of work under a work order or ISS's failures to comply with the requirements of the MWA—"unless caused by [Tronox]'s sole negligence." MWA ¶ 15(a). For this Court to hold, as ISS requests, that the anti-indemnity statute voids the indemnity provision in the MWA, the Court would have to determine that Tronox was negligent with respect to the claims in Poe's lawsuit, and that Tronox seeks to be indemnified by ISS and Travelers for Tronox's own negligence. The issue of Tronox's alleged negligence in the Poe lawsuits is not before the undersigned, nor has the undersigned been provided a copy of any decision rendered in the Poe lawsuits pertaining to Tronox's alleged negligence. Furthermore, the Court finds no allegations in the amended

complaint [3] indicating that Tronox seeks indemnification for its own negligence. For these reasons, the Court denies ISS's motion to dismiss [11] on this ground.

With respect to insurance, the insurance provision in the MWA provides as follows:

> INSURANCE. At all times during the term of this Agreement, [ISS] shall carry, at its own expense and with deductibles for its sole account, adequate insurance with reputable companies covering all work to be performed hereunder . . . . Any failure by [ISS] to obtain and maintain such coverages . . . shall constitute a breach hereof and [ISS] shall be solely responsible fro any loss suffered as a result of such deficiency in coverage.
>
> . . .
>
> It is expressly understood and agreed that the coverages required represent [Tronox]'s minimum requirements and are not to be construed to void or limit [ISS]'s indemnity obligations as contained in this Agreement.
>
> . . .
>
> If any defense, indemnity[,] or insurance provision contained in this Agreement conflicts with, is prohibited by[,] or violates public policy under any federal, state[,] or other law determined to be applicable . . ., it is understood and agreed that [such] provisions shall be deemed automatically amended, effective *ab initio*, in that situation to the extent—but only to the extent—necessary to conform with, not be prohibited by and avoid violating public policy under such applicable law and so as to still accomplish as nearly as possible the intention fo such provision as originally written. The parties hereto declare it is their intention that the defense, indemnity[,] and insurance provisions of this Agreement to be binding and enforceable in any given situation arising hereunder to the maximum extent permitted by the law applicable in that situation.

MWA ¶ 16. The Fifth Circuit held in *Crosby* that insurance provisions within construction agreements are not excepted from the reach of the anti-indemnity statute. 543 F.3d at 1131. Based on the *Crosby* holding, a plaintiff cannot enforce an agreement by a defendant to provide insurance coverage for indemnification for the plaintiff's own negligence, as the same are voided under the anti-indemnity statute. Therefore, the parties to the contract cannot circumvent the

statute by agreeing to provide insurance coverage for indemnification that is itself voided by the statute.

ISS maintains that to the extent that the MWA requires ISS to obtain insurance to indemnify Tronox for its own negligence, the provision is void and unenforceable. The Court agrees with this reasoning, but again, finds nothing to support that the insurance provision in the MWA requires ISS to indemnify Tronox for Tronox's own negligence. Accordingly, the Court denies ISS's motion to dismiss [11] on this ground, as well.

### (2) Tronox's Motion for Leave to Join Additional Parties and to Amend First Amended Complaint

Finally, Tronox has filed a motion for leave to join additional parties and to amend the first amended complaint [45]. The Court notes that the motion was timely filed before the Court's deadline in the Case Management Order on motions for joinder of parties or amendment to the pleadings. *See* CMO [30] ¶ 7(D).

With respect to joinder, Tronox requests that the Court allow it to join Tronox Inc. and Tronox Worldwide as indispensable party plaintiffs under Rule 19, as disposing of the action in the absence of Tronox Inc. and Tronox Worldwide may impede their ability to protect their interest relating to the subject of the action. Tronox maintains that Tronox Inc. and Tronox Worldwide are affiliates of Tronox LLC under the MWA and as such have an interest in this declaratory judgment action. In the alternative, Tronox requests that the Court allow it to join Tronox Inc. and Tronox Worldwide as permissive party plaintiffs pursuant to Rule 20, as their claims arise out of the same transaction or occurrence as the claims currently at issue in this matter and as such involve questions of law and fact common to Tronox's claims. With respect to Tronox's request for leave to amend its first amended complaint, Tronox maintains that it seeks to expand its claims and the factual support for its claims as a result of information

obtained through the Poe lawsuits and through discovery in this case. ISS and Travelers oppose the motion to amend.

The Court finds that the proposed amendment of the complaint to join these additional party plaintiffs is proper under Rule 20, and that the amendment to supplement the claims asserted is also proper under Rule 15. Rule 15 provides in pertinent part that "a party may amend its pleading . . . with the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Determining whether under Rule 15(a) "justice requires" leave to amend rests within the discretion of the district court. *Daves v. Payless Cashways, Inc.*, 661 F.2d 1022, 1024 (5th Cir. Unit A Nov. 1981). Rule 15(c) provides:

> An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

FED. R. CIV. P. 15(c). *See Slaughter v. So. Talc Co.*, 949 F.2d 167, 173–75 (5th Cir. 1991) (applying Rule 15(c) to situation where complaint amended to add plaintiff and stating that "the linchpin is notice, and notice within the limitations period") (citation omitted); *Williams v.*

*United States*, 405 F.2d 234, 235–39 (5th Cir. 1968) (holding that 1967 amended complaint adding mother of injured child as party plaintiff related back to filing of original complaint in 1963).

The Court finds that Tronox's proposed amendment unquestionably arose out of the same alleged injury as the original pleadings. ISS and Travelers also had notice of the amendment within the limitations period. Tronox's initial participation in the lawsuit as a plaintiff gave ISS and Travelers adequate notice of the possibility that they might have to defend against broader claims by Tronox, and that Tronox Inc. and Tronox Worldwide might be joined as party plaintiffs—particularly since both Tronox Inc. and Tronox Worldwide were also sued in the Poe suits. Finally, ISS and Travelers will not be prejudiced by such an amendment, as they will have adequate time to respond to the second amended complaint and defend themselves in this action.

The Court notes that permissive joinder of these additional party plaintiffs is proper under Rule 20(a)(1) because the plaintiffs all seek relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and any question of law or fact common to all plaintiffs with respect to the claims at issue will arise in this action. For these reasons, the Court finds that Tronox's motion for leave to join additional parties and to amend the first amended complaint [45] should be granted.

### D. Conclusion

In sum, the Court finds that ISS's motion to dismiss [11] shall be DENIED, and Tronox's motion for leave to join additional parties and amend the first amended complaint [45] shall be GRANTED.

A separate order in accordance with this opinion shall issue this day.

THIS, the 8th of July, 2013.

/s/ Glen H. Davidson
SENIOR JUDGE

14